IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re:

KEITH EUGENE THOMAS,

                    Debtor.

KEITH EUGENE THOMAS,

                    Appellant,

v.

ADAM M. GOODMAN,

                    Appellee.

1:11-cv-1608-WSD

## OPINION AND ORDER

This matter is before the Court on Keith Eugene Thomas's ("Debtor") Appeal from the Bankruptcy Court for the Northern District of Georgia ("Bankruptcy Court") of orders requiring him to deposit his monthly mortgage payments with the Chapter 13 Trustee ("Trustee") and dismissing his bankruptcy case for failure to do so.  (See Orders dated Mar. 25 and Apr. 6, 2011, In re Thomas, No. 10-95887, ECF. Nos. 42, 45 (Bankr. N.D. Ga.)).

I.   **BACKGROUND**

On March 25, 2011, the Bankruptcy Court ordered Debtor to pay $1,100 on the first of each month ("Mortgage Payments") to the Standing Chapter 13 Trustee to meet the Debtor's payment obligation on a promissory note secured by a residential mortgage.[1]  The Bankruptcy Court directed the Trustee to hold the funds in escrow pending the resolution of an adversary proceeding between the Debtor and Bank of America Home Loan Servicing, LP ("Bank of America"), in which the Debtor disputed whether Bank of America was the holder of the promissory note.  In its March 25, 2011, Order the Bankruptcy Court warned the Debtor that failure to keep his Mortgage Payments current could result in the Debtor's case being dismissed without further hearing.

On April 1, 2011, the Trustee notified the Bankruptcy Court that the Debtor had failed to make the Mortgage Payments ordered by the Bankruptcy Court and requested that the case be dismissed.  On April 6, 2011, the Bankruptcy Court dismissed the action.

The Debtor contends that requiring him to make his Mortgage Payments to the Trustee "prejudice[d] debtors' rights to the equal protection of laws and the due process of laws" [sic] in his adversary proceeding against Bank of America.

---

[1] The Bankruptcy Court had previously told the debtor at a hearing held on March 10, 2011, that the Debtor was required to keep his mortgage payments current.

2

Plaintiff admits that he owes approximately $1,100 per month but disputes whether Bank of America can prove that the Mortgage Payments were required to be paid to Bank of America.  The Debtor also claims that the dismissal of his case without the opportunity to respond to the March 25, 2011, Order violated the rules of the Bankruptcy Court and his equal protection and due process rights.

**II.     DISCUSSION**

    A.     <u>Standard of Review</u>

"On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013.  The burden is on the appellant to show that the Bankruptcy Court's factual findings are clearly erroneous.  <u>Id.</u>; <u>see also</u> <u>In re Downtown Properties, Ltd.</u>, 794 F.2d 647 (11th Cir. 1986).  The Court reviews, *de novo*, the Bankruptcy Court's conclusions of law.  <u>In re Rider</u>, 31 F.3d 1102, 1104 (11th Cir. 1994).

B.   Analysis

Requiring the Mortgage Payments to be made to the Trustee did not prejudice the Debtor's due process or equal protection rights or any other of the Debtor's rights, and did not violate the Bankruptcy Court rules.  The Debtor admits that he owes the Mortgage Payments.  The Bankruptcy Court simply required the Trustee to hold the Mortgage Payments made by the Debtor until the Bankruptcy Court considered the adversary action filed against Bank of America by the Debtor. The requirement that the Mortgage Payments be held by the Trustee not only maintained the status quo, but it also ensured that the Mortgage Payment funds were available to be paid to the person the Bankruptcy Court determined was entitled to receive the payments the Debtor was obligated to make on his mortgage. This arrangement also ensured that the Debtor was able to meet the payment schedule contemplated in the Debtor's proposed Chapter 13 plan.  The Debtor does not cogently explain how the requirement that he pay the mortgage amounts due violated his equal protection or due process rights.

Furthermore, the Bankruptcy Court was constrained not to interfere with the rights of whoever was entitled to receive the Mortgage Payments.  Under 11 U.S.C. § 1322(b)(2), a court cannot modify the rights of a holder of a "claim secured only by a security interest in real property that is the debtor's principal

4

residence," except to cure a prepetition default and put the debtor's payments back on schedule under § 1322(b)(5). Section 1322(b)(5) provides further that a plan may require "maintenance of payments while the case is pending" on a "secured claim on which the last payment is due after the date on which the final payment under the plan is due." The Bankruptcy Court thus was not permitted to modify Debtor's obligation to make the Mortgage Payments, and the Debtor's plan required him to continue timely paying his mortgage obligations. Doing so was a sensible way to administer the case. It tested the viability of the plan the Debtor requested be approved and tested the Debtor's good faith in seeking to restructure his debt obligations.

The Court also concludes that, under the circumstances here, the Debtor is not entitled to relief based upon his claimed inability to respond to the March 25, 2011, Order. In the Order dated March 25, 2011, the Debtor was told to stay current on his mortgage. The Debtor was warned that his failure to make his scheduled Mortgage Payments could result in the Debtor's case being dismissed without further hearing. Despite this clear warning, the Debtor failed to comply with the Bankruptcy Court's order. The Debtor next claims that he should have been allowed twenty days to respond to the request for dismissal. The fact is, however, that he had ample time to object to the March 25, 2011, Order. The

5

Debtor was advised at a hearing conducted on March 10, 2011, that his case would be dismissed if he did not make his Mortgage Payments. That warning was reiterated in the March 25, 2011, Order. The case was not dismissed until April 6, 2011. The Debtor did not take any action between March 10, 2011 and April 6, 2011, to challenge or otherwise respond to the Court's requirement that he continue to make timely mortgage payments. The Court further finds that delaying the dismissal of the Debtor's action so that the Debtor could assert the baseless claims he asserts here would have unfairly extended the automatic stay to the detriment of his creditors. See 11 U.S.C. § 1307(c) (allowing bankruptcy courts to dismiss chapter 13 cases for cause, including "unreasonable delay by the debtor that is prejudicial to creditors"). The Court does not find any error of law in the Bankruptcy Court's judgment that the case be dismissed.

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Bankruptcy Court's judgment is **AFFIRMED**.

**SO ORDERED** this 21st day of September, 2011.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE